# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY LEE HOLMES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEBRASKA,<br><br>　　　　　　　Respondent. | 8:21CV160<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on petitioner Tracy Lee Holmes's ("Holmes") pro se Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Filing No. 1). Like his contemporaneously filed petition under 28 U.S.C. § 2241 in a related case, the petition arises from Holmes's conviction and sentence for unlawful sexual contact in Nebraska state court in 1997.

To obtain federal habeas relief under § 2254(a), a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." The custody requirement is jurisdictional; if the petitioner is not "in custody" when he files the petition, the Court lacks subject-matter jurisdiction to consider it. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). Although "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody," a petitioner must show he is subject to "conditions which significantly confine and restrain his freedom." *Jones v. Cunningham*, 371 U.S. 236, 239, 243 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

The Court's initial review of Holmes's petition reveals he is not "in custody." Holmes's petition states he is "Not confined" and that he has no prisoner number. Holmes

further reports that after he pleaded no contest to unlawful sexual contact in 1997, he was sentenced to 18 months probation and was required to register as a sex offender for ten years. In his petition, he alleges the State of Nebraska improperly recorded his crime for purposes of the sex-offender registry as sexual assault on a child and has unlawfully forced him to register for life.

Aside from the obligation to register, it appears Holmes has served his sentence. "A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991); *accord Garlotte v. Fordice*, 515 U.S. 39, 48 (1995) ("[T]he habeas statute does not permit prisoners to challenge expired convictions.").

To the extent Holmes seeks habeas relief based on his obligation to register, the Court has previously concluded that "registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the 'in custody' requirement for habeas relief." *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009). The Court reasoned that the petitioner "suffer[ed] no restriction on freedom of movement merely because he" had to "register as a sex offender." *Id.* at 1101. The same is true here.

In reaching that conclusion in *Hansen*, the Court joined the vast majority of courts to have considered this issue. *Id.* at 1100; *see also Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (joining "the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition"); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (collecting cases). While the Eighth Circuit has not yet considered this question, the Court sees no reason to think it would require this Court to chart a different course under the facts of this case.

Holmes cannot appeal the dismissal of his habeas petition under § 2254 without a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). When the Court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," it will issue a certificate of appealability if the petitioner can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the" Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Holmes has not made that showing, the Court will not issue a certificate of appealability.

Based on the foregoing,

IT IS ORDERED:
1. Petitioner Tracy Lee Holmes's pro se Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Filing No. 1) is dismissed without prejudice for lack of subject-matter jurisdiction.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this order.

Dated this 9th day of July 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge